UNITED STATES DISTRICT
COURT WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                               PLAINTIFF

v.                                                                    CRIMINAL ACTION NO. 3:19-CR-20-CRS

VICTOR MANUEL QUIJADA-CASTILLO                                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on motion of the defendant, Victor Manuel Quijada-Castillo, *pro se*, for reconsideration of the Court's denial of his motion for compassionate release. DN 93. The United States has responded, objecting to the motion. DN 97. For the reasons stated herein, the motion will be denied.

Quijada-Castillo is presently serving a 120-month sentence for drug trafficking. He is confined at the Federal Correctional Institution ("FCI") Victorville II. On September 12, 2020, the defendant filed a request for compassionate release with Warden Gutierrez who denied his request on March 3, 2021. (DN 91-3). In December 2020 while his request for compassionate release was pending, Quijada-Castillo contracted COVID-19 purportedly from a staff member. DN 87, p. 3. He claims that he suffers after-effects of the illness "such as shortness of breath, exhaustion, general fatigue, and piercing pain in the lungs." DN 93, p. 3.[1] He fears the possibility of reinfection from the Delta variant. DN 93, p. 4.

---

[1] Quijada-Castillo did not provide medical records in support of either his original motion or his motion to reconsider the Court's ruling.

First, the motion for reconsideration was filed sixty-nine days after the Court denied his initial motion.  As a motion for reconsideration must be filed within fourteen days from the date of entry of the Court's order (*see United States v. Brown*, 817 F.3d 486, 488 (6th Cir. 2016), Quijada-Castillo's motion is for reconsideration is untimely and should be denied on that basis alone.

Further, Quijada-Castillo raises the same arguments made in his prior motion.  The same reasoning for denying the original motion articulated in the Court's earlier opinion (DN 92) still applies.  We need not recount those reasons here.

There is no indication that defendant's health situation has changed for the worse.  In fact, he stated that at this time "symptoms have diminished, but the side effects continue."  DN 93, p. 3.

Quijada-Castillo urges that the Court should not have considered the fact that he is fully vaccinated in the analysis because he contends there is evidence that the COVID-19 vaccines may not be as effective in obese individuals.  He cites to the case of *United States v. Clough* from the Southern District of Indiana.  DN 93, pp. 3-4.  We find this worth mentioning because this case *does not* support his statement.  In fact, defendant Clough, a 60-year-old male with hypertension, obesity, and type 2 diabetes mellitus, was denied compassionate release for many of the same reasons this Court denied Quijada-Castillo's motion.  *See United States v. Clough*, No. 2:14-cr-11-JPH-CMM-02, 2021 WL 1394107 (S.D.Ind. Apr. 12, 2021).  Further, in addition to being vaccinated, Quijada-Castillo also *had* COVID-19 from which he likely developed some level of additional immunity.  *See United States v. Smith*, No. 10-20388, 2021 WL 3077879, *2 (E.D.Mich. July 21, 2021)(discussing development of antibodies in recovered COVID-19 patients and exposure to variant viruses).

Finally, Quijada-Castillo cites a plethora of COVID-19-related compassionate release cases to support his argument that he too should receive compassionate release. The vast majority of them were decided in mid- to late-2020 at the height of the pandemic and before vaccines were available. Due to the ever-changing COVID-19 landscape, many of the 2020 cases are no longer relevant to current compassionate release motions. While the coronavirus is far from eradicated, many thousands of inmates have been vaccinated, 229,171 in the federal prison system at last report, and many of the federal institutions have had success in bringing outbreaks of COVID-19 infections under control. *See* https://www.bop.gov/coronavirus/. The dire and dangerous circumstances faced by our most vulnerable populations at the height of the pandemic are, we hope, behind us.

Even so, we cannot know with certainty what COVID-19 and its variants have in store for us. However, as stated in our earlier opinion, the Court must address each inmate's situation individually and in the current context.

Clearly, many 2020 cases are not reflective of the current situation and thus are of little value in a late-2021 analysis. Indeed, as of this writing, the Bureau of Prisons reports 6 COVID-19-positive inmates in a population of over 1,000 at FCI Victorville II where Quijada-Castillo is serving his sentence. The Victorville prison complex as a whole reports the vaccination of 3,012 inmates and 424 staff. *Id.* This is a far cry from where the federal prison system was a year ago.

Nor can the Court base its decision on events yet to be realized. *See United States v. Constantine*, No. 18-20655, 2021 WL 4487966, **3-4 (Oct. 1, 2021)(noting the evolution in "extraordinary and compelling" reasons analysis over the course of the COVID-19 pandemic).

Therefore, motion having been made and for the reasons set forth herein and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of Defendant Victor Manuel Quijada-Castillo for reconsideration of the Court's denial of compassionate release (DN 93) is **DENIED.**

October 12, 2021

Charles R. Simpson III, Senior Judge
United States District Court